[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 06-13016
Non-Argument Calendar
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 19, 2006
THOMAS  K. KAHN
CLERK

D. C. Docket No. 05-00384-CV-JOF-1

TERRANCE K. DAUGHERTY,

Plaintiff-Appellant,

versus

MIKART, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____
**(December 19, 2006)**

Before BIRCH, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Terrance Daugherty filed an action against his former employer, Mikart, Inc.

("Mikart"), pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C.

§ 2615(a)(1), alleging retaliation for his use of medical leave.  Daugherty appeals

the district court's order granting Mikart's motion for summary judgment on his FMLA retaliation claim.

We review a district court order granting summary judgment de novo, viewing all the facts and reasonable inferences in the light most favorable to the non-moving party. Imaging Bus. Mach. L.L.C. v. BancTec, Inc., 459 F.3d 1186, 1189 (11th Cir. 2006). Summary judgment is only appropriate when the moving party has demonstrated that there is no genuine issue as to any material fact. Brooks v. County Comm'n, 446 F.3d 1160, 1162 (11th Cir. 2006). There must be enough evidence supporting the opposing party's position that a jury could reasonably find for that party. Id. A mere "scintilla" of evidence is insufficient. Id. In the context of summary judgment, the court must look at the record as a whole, reviewing all of the evidence in the record. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 2110 (2000). We may affirm the district court's judgment "on any ground that finds support in the record." Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1256 (11th Cir. 2001).

Where a plaintiff alleges an FMLA retaliation claim without direct evidence of the employer's discriminatory intent, we apply the burden shifting framework established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973). Hurlbert v. St. Mary's Health Care Sys., Inc., 439 F.3d

1286, 1297 (11th Cir. 2006). "To establish a prima facie case of retaliation, the plaintiff must show that: (1) he engaged in statutorily protected activity; (2) he experienced an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse action." Id. "Close temporal proximity between protected conduct and an adverse employment action is generally sufficient circumstantial evidence to create a genuine issue of material fact of a causal connection." Id. at 1298.

If the plaintiff makes out a prima facie case, then the burden shifts to the defendant to put forth a legitimate, non-retaliatory, reason for the challenged action. Id. at 1297. If the defendant puts forth such a reason, the plaintiff must show that he will be able to demonstrate at trial that the defendant's stated reason for the action is pretextual. Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1287 (11th Cir. 1997). Pretext is only proven if "it is shown both that the reason was false, and that discrimination was the real reason behind the challenged action." St. Mary's Honor Center v. Hicks, 509 U.S. 502, 515, 113 S. Ct. 2742, 2752 (1993). "This evidence must reveal such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763,

3

771 (11th Cir. 2005) (quotation marks omitted). The passage of a short amount of time between the plaintiff's request for leave and his termination may not be sufficient, by itself, to establish pretext. See Hurlbert, 439 F.3d at 1298 (holding that the passage of less than two weeks between the plaintiff's request for leave and his termination was "probably insufficient to establish pretext by itself"). In addition, an employer may fire an employee based upon erroneous facts, as long as it is not for a discriminatory reason. See Abel v. Dubberly, 210 F.3d 1334, 1339 n.5 (11th Cir. 2000).

Upon review of the record and consideration of the parties' briefs, we find no reversible error. We do not need to decide whether the district court properly determined that Daugherty did not make out a prima facie case because we find that Daugherty failed to show that Mikart's stated reason for terminating him was pretextual. See Lucas, 257 F.3d at 1256; see also Cuddeback v. Fla. Bd. of Educ., 381 F.3d 1230, 1236 (11th Cir. 2004) (affirming the grant of summary judgment despite the district court basing summary judgment upon its mistaken finding that the plaintiff failed to make out her prima facie case because this Court could determine, based on the record, that the plaintiff failed to show pretext). Daugherty claims that Mikart's stated reason for terminating his employment – submitting a fraudulent medical certification – was pretextual because: (1) the

doctor subsequently verified his signature on the medical certification; (2) Mikart did not raise the issue of the false form until after a dispute arose regarding Daugherty wearing a mask and continuing to work in the lab; and (3) Mikart's Siegfried expressed hostility towards Daugherty because she did not believe he was really suffering from a medical condition.

Daugherty did not show that Mikart's stated reason was pretextual. While the close temporal proximity between Mikart's termination of Daugherty's employment and his application for FMLA leave is evidence of pretext, it may be insufficient to show pretext by itself. As we noted in Hurlbert, a span of less than two weeks is not enough. See Hurlbert, 439 F.3d at 1298. This is particularly true where, as here, the employer has a history of granting FMLA leave without penalizing its employees, including Daugherty. Therefore, Daugherty needed to present other evidence supporting his claim that Mikart's stated reason for terminating him was pretextual.

The doctor's verification that it is his signature on the medical certification does not help Daugherty because Mikart was not questioning whether the signature was actually the doctor's, but was questioning whether the doctor had actually signed the particular form that Daugherty had provided to Mikart or if a copy of the doctor's signature had been falsely put on that form. The lines on the form did

5

not match up and gave an appearance of having been altered. The first two pages of the submitted form were original, but the last page, the page that contained the doctor's signature, was a copy.

In addition, Mikart's termination of Daugherty's employment only after he returned to work on April 15 and requested more FMLA leave does not undercut Mikart's stated reason for the termination. The date that Daugherty returned to work, April 15, was also the first opportunity that Mikart's Siegfried had to question Daugherty about the allegedly falsified document. Therefore, Mikart's termination of Daugherty's employment on April 16, 2003, does not show that Mikart's reason for terminating Daugherty was pretextual because Mikart officials wished to speak with Daugherty and give him a chance to explain the appearance of the form before terminating him. Furthermore, evidence showed that Mikart officials attempted to meet with Daugherty prior to his return to work, but Daugherty failed to show at the scheduled meeting.

There is some evidence that Siegfried displayed hostility towards Daugherty when he returned to work. However, even if such hostility were present, it does not indicate that Mikart's stated reason for terminating Daugherty was pretextual because the hostility occurred after Daugherty submitted the medical certification form and Mikart questioned its authenticity. Siegfried's hostility, therefore, could

have been caused by her belief that Daugherty had submitted a falsified form. In any event, Siegfried's hostility, even when combined with the temporal proximity between Daugherty's leave request and firing, is insufficient to allow a reasonable trier of fact to find that Mikart's basis for firing him was pretextual.

Therefore, Daugherty failed to show that Mikart's stated reason for terminating his employment was pretext because he did not show either that the reason given was false, or that discrimination was the real reason. See Hicks, 509 U.S. at 515, 113 S. Ct. at 2752. Accordingly, we affirm the district court's grant of Mikart's motion for summary judgment.

**AFFIRMED.**